## Commonwealth *vs.* John Fisher.

An indictment with this caption: " Commonwealth of Massachusetts, Essex, to wit: At the court of common pleas, begun and holden at Salem within and for the county of Essex," on a certain day, sufficiently shows that it was found at a court held in this commonwealth.

An indictment purporting to be presented by the grand jurors "upon their oath and affirmation " need not state the reasons why any of the jurors affirmed instead of being sworn.

INDICTMENT on *St.* 1855, *c.* 215, § 17, commencing thus: " Commonwealth of Massachusetts, Essex, to wit: At the court of common pleas, begun and holden at Salem, within and for the county of Essex, on the fourth Monday of January in the year one thousand eight hundred and fifty six. The jurors for the Commonwealth of Massachusetts upon their oath and affirmation present that" the defendant, at a certain time and place in said county of Essex, was a common seller of spirituous and intoxicating liquors.

The defendant, being convicted, moved in arrest of judgment in the court of common pleas, for these reasons: " 1st. There is no sufficient allegation that the court at which the said indict-

ment was found was held in the Commonwealth of Massachusetts. 2d. It appears that said indictment was presented upon the oath and affirmation of the grand jury, and it is not set forth in said indictment that those of the grand jury, who presented the indictment by oath and affirmation, had a right so to do by reason of their being Quakers or Friends, or because they had conscientious scruples of taking an oath, and it does not appear why they presented the indictment upon their oath and affirmation." *Perkins*, J. overruled the motion, and the defendant alleged exceptions.

*J. W. Perry*, for the defendant, cited, in support of the first ground, *Clark* v. *State*, 1 Ind. 253; *Bell* v. *State*, 5 Eng. 536; 1 Saund. 308, *note;* Whart. Crim. Law, (2d ed.) 64, 65, and cases cited; 2 Hale P. C. 166; and in support of the second, *State* v. *McAllister*, 26 Maine, 374; *State* v. *Fox*, 4 Halst. 244; Rev. Sts. *c.* 94, §§ 8–12; *c.* 137, §§ 7, 8; *c.* 2, § 6, *cl.* 12.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

METCALF, J. 1. The indictment sufficiently shows that it was found at a court held in this commonwealth. It is in a form which is usually adopted, and which has been adjudged to be sufficient. *State* v. *Conley*, 39 Maine, 78.

2. It is held in New Jersey, that when an indictment purports to be found on the affirmation of some of the grand jurors, it must appear by the indictment that they were authorized by law to take an affirmation instead of an oath. *State* v. *Harris*, 2 Halst. 361. But the court so held, because they felt bound by previous decisions in that state; saying: " We are not disposed to favor exceptions of this kind, which have nothing to do with the justice of the case; and, were the question now to arise for the first time, we should hesitate before we gave it our sanction." In most of the states, (says Mr. Wharton,) the indictment is in the form adopted in the present case. Whart. Crim. Law, (2d ed.) 66. We sanction that form.

After the passing of the English *St.* of 3 & 4 W. 4, *c.* 49, enabling Quakers and Moravians, in all places and for all purposes, to make affirmation instead of taking an oath, upon the calling of the grand jury at the Worcester assizes, one of them, a

Quaker, made his affirmation; whereupon Baron Alderson directed that all the indictments should commence thus : " The jurors for our Lady the Queen, upon their oath and affirmation, present" &c.   9 Car. & P. 78.                *Exceptions overruled.*